JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 30 1985

PATRICIA D.
CLERK OF THE PANEL

DOCKET NO. 644

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE CONTICOMMODITY SERVICES, INC., SECURITIES LITIGATION

TRANSFER ORDER

This litigation presently consists of eight actions pending in five districts as follows: three actions in the Northern District of Illinois, two actions in the Southern District of Texas, and one action each in the Eastern District of Kentucky, the District of Massachusetts, and the Southern District of New York.[1]/ Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, by David J. Ragan (Ragan) to centralize the actions in this litigation in the Southern District of Texas for coordinated or consolidated pretrial proceedings. Various of the responding parties support the motion, favor centralization of only certain actions, oppose centralization in its entirety, oppose only inclusion of actions to which they are parties in Section 1407 proceedings, and/or support selection of the Northern District of Illinois as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that transfer to the Northern District of Illinois of all actions but the Kentucky and New York actions will best serve the convenience of the parties and witnesses and promote the just and

---

[1]/ The schedule of actions accompanying the Section 1407 motion in this docket included two actions listed as pending in the Northern District of Georgia that were dismissed prior to the Panel hearing. Accordingly, the question of transfer with respect to those two actions, Hertwig, et al. v. ContiCommodity Services, Inc., et al. and Markvest, Inc. v. ContiCommodity Services, Inc., et al., is moot. Subsequent to the filing of the original motion, various parties notified the Panel of the pendency of related actions that were not subject to the original transfer motion. All parties to two of the related actions, pending in the Northern District of Illinois, filed responsive pleadings to the Section 1407 motion and appeared and presented oral argument to the Panel at the hearing held in this docket in Boston, Massachusetts, on July 11, 1985. Accordingly, the Panel has included the two actions, ContiCommodity Services, Inc. v. I.C. Hemmings, et al. and ContiCommodity Services, Inc. v. Sheldon Neider, et al., in its disposition of the matter presently before it. The other actions identified as related will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

efficient conduct of the litigation. The actions to be centralized involve common factual questions regarding securities and commodities law violations in the course of a trading program directed by Ragan through ContiCommodity Services, Inc.'s (Conti) "Houston Arbitrage" office. Centralization of these actions is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.[2/] We exclude the New York and Kentucky actions from transfer because: 1) discovery in the New York action is completed and the action is nearly ready for trial, and ii) the Kentucky action, brought by Conti against Ragan, primarily seeks a prejudgment order of attachment on certain of Ragan's Kentucky assets, and Conti has represented that once the attachment issue is settled, it is willing to have proceedings in this action stayed pending the outcome of Conti's primary action against Ragan brought in the Southern District of Texas.

While either the Southern District of Texas or the Northern District of Illinois would be an appropriate forum for this litigation, we are persuaded that the Illinois forum is preferable. We note, *inter alia*, that: 1) Conti, the only entity that is a party to every action, has its sole remaining place of business in Chicago and maintains there approximately 50 file cabinets of relevant records, including documents relating to the Houston Arbitrage office that were originally maintained in Houston, Texas; and 2) many witnesses, including current or former Conti employees and employees of Conti's accounting firm who have so far expended 17,000 hours in reviewing records relating to the Houston Arbitrage trading program, are located in Chicago.

---

[2/] Plaintiff in the Massachusetts action has asserted, *inter alia*, that Ragan lacks standing to seek transfer of the Massachusetts action because he is not a "party" to that action. As early as 1974, the Panel recognized that it would not be unusual that a moving party might not be a party to all actions "in which transfer for coordinated or consolidated pretrial proceedings under this section may be appropriate," 28 U.S.C. §1407(c)(ii). The Panel acknowledged that a purely literal reading of Section 1407(c)(ii) suggested that a movant could only move for transfer of an action in which it appeared as a party, but the Panel concluded that such a narrow reading was not consistent with the purpose and intent of the legislation. See In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1380 n.4 (J.P.M.L. 1974). In any event, any argument challenging movant's right to request transfer of an action in which it does not appear as a party is mooted here by the Panel's exercise of its independent power under 28 U.S.C. §1407(c)(i) to consider transfer of actions upon its own initiative. We note that in the Panel's June 10, 1985 order setting the MDL-644 actions for hearing, the Panel provided that "at said hearing the Panel may, on its own initiative, consider transfer of any or all of the actions to any district or districts."

-3-

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the actions listed on the attached Schedule A and pending in the Eastern District of Kentucky and the Southern District of New York be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the remaining actions listed on the attached Schedule A and pending outside the Northern District of Illinois be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable William T. Hart for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-644 -- In re ContiCommodity Services, Inc. Securities and Contract Litigation

### Eastern District of Kentucky

ContiCommodity Services, Inc. v. David J. Ragan,
C.A. No. 84-427

### Southern District of New York

Stuart Wechsler v. ContiCommodity Services, Inc.,
C.A. No. 84 Civ 4947

### Northern District of Illinois

John DeBlois, et al. v. ContiCommodity Services, Inc., et al.,
C.A. No. 84C7741
ContiCommodity Services, Inc. v. I.C. Hemmings, et al.,
C.A. No. 85-C-4314
ContiCommodity Services, Inc. v. Sheldon Neider, et al.,
C.A. No. 85-C-05381

### District of Massachusetts

Robert F. Lilly v. ContiCommodity Services, Inc.,
C.A. No. 84-3515-MA

### Southern District of Texas

ContiCommodity Services, Inc., et al. v. David J. Ragan, et al.,
C.A. No. H-84-4652
John Domercq, Jr., et al. v. ContiCommodity Services, Inc., et al., C.A. No. H-85-244